```
               UNITED STATES DISTRICT COURT

              EASTERN DISTRICT OF LOUISIANA
```

CARLA J. BECNEL and KEVIN BECNEL          *       CIVIL ACTION

versus                                    *       NO. 06-6724

STATE FARM FIRE AND CASUALTY              *       SECTION "F"
INSURANCE COMPANY, MELVIN R. NELSON,
agent, and XYZ INSURANCE COMPANY

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

The Becnels purchased their home in Chalmette, Louisiana, on August 12, 2005. The Becnels did not finance the purchase; rather, the transaction was a cash sale. Prior to the sale, they secured homeowners' and flood insurance through a State Farm agent, Melvin Nelson. He sold the Becnels a Write-Your-Own (WYO) policy, underwritten through the National Flood Insurance Program (NFIP) operated by FEMA. He stated that the policy was effective as of the date of sale. Hurricane Katrina destroyed the Becnels' home approximately two weeks later. They filed claims under their homeowner's and flood insurance policy, but State Farm refused to pay the claims, stating that the policy was not in effect at the time of the storm due to a thirty-day waiting period for cash sales only.

The Becnels sued State Farm and Melvin Nelson, requesting payment for damages to their home.  The Becnels accused Nelson of negligence in the procurement of insurance, including failing to advise them about the thirty-day waiting period for homeowners' and flood insurance in connection with cash sales, failing to advise them of the maximum amounts for which they could be insured, as well as failing to advise them of how to insure that their home was covered from the date of purchase.  The Becnels accused State Farm of fraudulently changing the effective date on the insurance policy without their permission.  In addition to damages to the home, the Becnels requested penalties allowed under state law for misrepresentations of policy coverage.

State Farm removed the case to this Court on October 4, 2006, invoking this Court's original federal question jurisdiction.  State Farm  asserted that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP.  The Becnels moved to remand to state court, relying on federal precedent drawing a distinction between claims-handling and procurement and remanding even NFIP cases to state court when the issue involves the initial procurement of the policy.  State Farm wishes to distance itself from the in-state insurance agent, Nelson, and the issues of procurement, stating that the Becnels' claims against State Farm are for the denial of payments after the policy was issued.  State Farm also points out that its indemnifier is FEMA,

and because the federal government will bear State Farm's liability, the case should remain in federal court.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).  The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.).

This case is no different.  Similar to the plaintiff's case in <u>Landry</u>,

> "[t]he case at hand is a cause of action for errors and omissions of State Farm's agent relating to his alleged failure to obtain ... coverage for Plaintiff's home. State Farm's liability arises through that agent and his extra-contractual duty of reasonable diligence; therefore, the Plaintiff's claims do not result from, relate to, or arise from State Farm's compliance with FEMA regulations under an NFIP policy."

The Becnels possessed their home and what they believed to be an active insurance policy on the representations of the agent.  They were clear in their expectations and desires for insurance coverage.  Two weeks later, their home was destroyed and the question is whether the policy was in effect at the time of the storm.  This is clearly a procurement question, placing it outside the scope of federal preemption.  While it is understandable that State Farm would want to distance itself from the actions of its agent, it is bound by Nelson's actions and cannot be legally severed.

Accordingly, the Becnels' motion to remand is GRANTED. The case is hereby remanded to state court.

New Orleans, Louisiana, November 22, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE